UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILE DIVISION
1:13-cv-265-FDW

| | |
|---|---|
| ROBERT MICHAEL PHILLIPSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES MARSH, Detective, Haywood )<br>County Sheriff's Office, )<br>MATTHEW BECK, Detective, Haywood )<br>County Sheriff's Office, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

THIS MATTER is before the Court on an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3).

The Court first notes that Plaintiff's trust fund account shows that as of December 8, 2013, he had $0.00 in his account. (Doc. No. 8 at 4). Because Plaintiff does not have sufficient funds with which to pay the filing fee, he will be granted in forma pauperis status.

**I.     BACKGROUND**

Plaintiff is a North Carolina state court inmate currently incarcerated at Marion Correctional Institution after having been convicted in Haywood County of first-degree sexual offense with a child. In the Complaint filed on October 8, 2013, Plaintiff names as defendants James Marsh and Matthew Beck, identified as detectives employed with the Haywood County Sheriff's Office. Plaintiff alleges that on February 8, 2012, Defendants arrested Plaintiff at his workplace without probable cause, and without valid search

1

warrants. (Doc. No. 1 at 4). Plaintiff also alleges that Defendant Marsh improperly set Plaintiff's bond at $175,000, which Plaintiff alleges violated the Eighth Amendment. (Id. at 5) Plaintiff further alleges that Defendant Beck's imprisonment of Plaintiff in the Haywood County Jail constituted "false imprisonment" in violation of the Fifth and Fourteenth Amendments. (Id.). Plaintiff also alleges that Defendants violated various state laws pertaining to the filing of arrest warrants and first appearance rights. (Id.). For relief, among other things, Plaintiff seeks damages of $100,000 a day for "loss of life, property, mental stress and abuse," and the immediate termination of employment of Defendants Marsh and Beck. (Id. at 4).

Plaintiff filed an identical action against Defendants in this Court on May 3, 2013. See Phillipson v. Marsh, 1:13cv126 (W.D.N.C.). On June 11, 2013, the Court dismissed the action pursuant to Younger v. Harris, 401 U.S. 37 (1971), because there were ongoing state court proceedings pending against Petitioner that led to his alleged unlawful arrest. North Carolina Department of Public Safety records show that Petitioner was convicted of first-degree sexual offense with a child on October 15, 2013, and he is serving a sentence of 144 to 182 months of imprisonment.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

A. Plaintiff's Motion to Appoint Counsel

In his motion for appointment of counsel, Plaintiff asserts that he is unable to afford private counsel, his imprisonment will significantly limit his ability to litigate, the issues involved in this case are complex, and Plaintiff has limited access to a law library and limited knowledge of the law. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

B. Plaintiff's Fourth Amendment Claim Against Defendants Marsh and Beck

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court has determined that the Complaint must be dismissed as barred by the principles in Heck v. Humphrey, 512 U.S. 477 (1994). Here, Plaintiff was convicted of first-degree sexual offense with a child, and he was arrested based on the charges leading to that conviction. In contending that Defendants conducted an unlawful search and seizure and unlawful arrest, in violation of his Fourth Amendment and other constitutional rights, he is challenging his underlying state court conviction and consequent imprisonment. Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Thus, this Section 1983 action is barred by Heck.

## IV. CONCLUSION

In sum, for the reasons stated herein, Plaintiff's action is dismissed as barred under Heck.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice, as Plaintiff's claims are barred under Heck.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**.

Signed: January 8, 2014

Frank D. Whitney
Chief United States District Judge